UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23556

ORLANDO N. MONZON CEJAS,

    Plaintiff,

vs.

DOWNRITE ENGINGEERING CORP.,

    Defendant.

_____/

## **COMPLAINT**

Plaintiff, Orlando N. Monzon Cejas, brings this action to address the conduct by Defendant, Downrite Engineering Corp., as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Orlando N. Monzon Cejas ("Mr. Monzon Cejas")**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2. **Defendant, Downrite Engineering Corp.**, is a *sui juris* foreign for-profit corporation that is authorized to conduct business in Florida and with a place of business in Miami-Dade County, Florida.

3. This Court has original jurisdiction over Mr. Monzon Cejas' claims that arise under federal law pursuant to 28 U.S.C. §1331 and supplemental/pendent jurisdiction over his related state law claim(s) pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant is located within this District and because most of the actions complained of occurred within this District.

1

## *Background Facts*

5. Defendant employs over 50 people in its Miami-Dade County location.

6. Mr. Monzon Cejas began working for Defendant in the year 2000 as a heavy equipment operator.

7. Mr. Monzon Cejas was a good employee of Defendant.

8. Mr. Monzon Cejas always performed his assigned duties in a professional manner, was competent in his performance, performed his job duties well, and had no issues with his work or his performance prior to his step-son complaining about the lack of available bathroom facilities and prior to the advancement of his father's health issues.

9. Mr. Monzon Cejas has been a devoted and faithful employee of Defendant for over 20 years.

10. All conditions precedent have been performed by Mr. Monzon Cejas, occurred, or waived by Defendant.

11. Mr. Monzon Cejas retained the undersigned counsel and agreed to pay his counsel a reasonable fee for all services rendered.

### COUNT I – INTERFERENCE WITH FMLA RIGHTS
### (FAILURE TO PROVIDE INFORMATION)

Plaintiff, Orlando N. Monzon Cejas, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

12. Mr. Monzon Cejas was eligible for FMLA leave, as he worked more than 1250 hours in each relevant 12-month period.

13. Mr. Monzon Cejas' father became ill to the point that his father required dialysis.

14. Mr. Monzon Cejas informed Defendant of his father's illness and his need to take the leave permitted by FMLA.

15. On or about April 12, 2021, Mr. Monzon Cejas requested time off to take care of his father.

16. In making this request, Mr. Monzon Cejas attempted to take FMLA leave.

17. Despite its knowledge of Mr. Monzon Cejas' qualifying event for FMLA, and in response to his request for FMLA leave, Defendant interfered when it failed to notify Mr. Monzon Cejas of his right to take FMLA leave and failed to provide him with any paperwork in connection with his FMLA rights.

18. Defendant further failed to notify Mr. Monzon Cejas that he could take extended or intermittent FMLA leave, further interfering with Mr. Monzon Cejas' rights under the FMLA.

19. As a direct and proximate result of Defendant's conduct as described above, Mr. Monzon Cejas incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, his reputation was harmed and he suffered mental anguish and emotional distress as a direct and proximate result of Defendant's conduct.

WHEREFORE Plaintiff, Orlando N. Monzon Cejas, demands the entry of a judgment in his favor and against Defendant, International Bonded Couriers, Inc., after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, emotional distress damages, to be placed in the position she would be in but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, liquidated damages, his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## COUNT II – INTERFERENCE WITH FMLA RIGHTS
### (TERMINATION OF EMPLOYMENT)

Plaintiff, Orlando N. Monzon Cejas, reincorporates and re-alleges paragraphs 1 through 11 as though set forth fully herein and further alleges as follows:

20. Mr. Monzon Cejas was eligible for FMLA leave, as he worked more than 1250 hours in each relevant 12-month period.

21. Mr. Monzon Cejas' father became ill to the point that his father required dialysis.

22. Mr. Monzon Cejas informed Defendant of his father's illness and his need to take the leave permitted by FMLA.

23. On or about April 12, 2021, Mr. Monzon Cejas requested time off to take care of his father.

24. In making this request, Mr. Monzon Cejas attempted to take FMLA leave.

25. Despite its knowledge of Mr. Monzon Cejas' qualifying event for FMLA, and in response to his request for FMLA leave, Defendant interfered when it failed to notify Mr. Monzon Cejas of his right to take FMLA leave and failed to provide him with any paperwork in connection with his FMLA rights.

26. Defendant further failed to notify Mr. Monzon Cejas that he could take extended or intermittent FMLA leave, further interfering with Mr. Monzon Cejas' rights under the FMLA.

27. Instead of providing Mr. Monzon Cejas with written documentation for his requested upcoming FMLA leave of absence, offering him intermittent leave, or providing him with leave under the FMLA, Defendant instead terminated Mr. Monzon Cejas' employment on or about April 14, 2021, thereby interfering with Mr. Monzon Cejas' ability to take intermittent

4

FMLA leave, or to later take extended FMLA leave.

28. As a direct and proximate result of Defendant's conduct as described above, Mr. Monzon Cejas incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, his reputation was harmed and he suffered mental anguish and emotional distress as a direct and proximate result of Defendant's conduct.

WHEREFORE Plaintiff, Orlando N. Monzon Cejas, demands the entry of a judgment in his favor and against Defendant, International Bonded Couriers, Inc., after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, emotional distress damages, to be placed in the position she would be in but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, liquidated damages, his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Orlando N. Monzon Cejas, demands a trial by jury of all issues so triable.

Respectfully submitted this 8th day of October 2021,

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com
        FAIRLAW FIRM
        7300 N. Kendall Drive
        Suite 450
        Miami, FL 33156
        Tel: 305.230.4884
        *Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*