UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23556-BLOOM/OTAZO-REYES

ORLANDO N. MONZON CEJAS,

    Plaintiff,

vs.

DOWNRITE ENGINGEERING CORP.,

    Defendant.
_____/

## JOINT PRETRIAL STIPULATION[1]

The parties, ORLANDO N. MONZON CEJAS, Plaintiff, and DOWNRITE ENGINGEERING CORP. ("Downrite"), Defendant, through their undersigned counsel and pursuant to the Order Scheduling Trial and Order of Instructions Before Calendar Call [ECF No. 48], hereby file this Joint Pretrial Stipulation, as follows:

### I.     NEUTRAL STATEMENT OF THE CASE

*Plaintiff's Statement of the Case*

Downrite failed to notify Mr. Monzon of his right to take leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq, and Plaintiff filed a two-count Complaint alleging interference with his FMLA rights. [ECF No. 4].

Mr. Monzon worked off and on for Downrite since at least 2000 as a heavy machine operator. Mr. Monzon never received any negative performance reviews during that time. Mr. Monzon was fired on or about April 20, 2021 after requesting leave to attend to his terminally ill father. Mr.

---

[1] The parties submit this Pretrial Stipulation pursuant to this Court's Orders at ECF Nos. 36 and 63. The parties were following the Trial Order issued at ECF No. 48, which did not mention a pretrial stipulation, and did not intend to ignore the original trial order at ECF No. 36 requiring its submission.

Monzon previously informed Downrite that his father had been experiencing serious health conditions and was placed on dialysis. Mr. Monzon had to take off of work sporadically before April 20, 2021, and his supervisors began to grow tired of his absences. (Additionally, Mr. Monzon's stepson, William Ochoa, also worked on the job and was having issues with the employer related to an OSHA complaint he filed). When Mr. Monzon announced that he had to take off again on April 20, 2021, he was not presented with any FMLA documentation, any written notices of Downrite's medical certification requirement, or the consequences of failing to comply with it. Instead, Mr. Monzon's supervisor called him while he was at the hospital with his sick father, and told that he waws being fired for missing too many days from work.

*Defendant's Statement of the Case[2]*

Plaintiff in its statement of the case invents new allegations that were never made in the prior pleadings or made by Mr. Monzon in his deposition. The central allegation made by Mr. Monzon in his Second Amended Complaint at lines 20 and 30 is that he was fired on April 14 after events that occurred on April 12 and 13, 2021, and was prevented from working thereafter. Those dates are facts alleged in the pleadings and the time for amending the pleadings closed long ago. They are essential facts that were denied by Defendant in its Answer and Affirmative Defenses and thus the Plaintiff has the burden of proving them. The Plaintiff has belatedly realized that they cannot meet that burden. The Plaintiff produced in the LoBue Deposition Exhibit "I", which is a copy of a paystub showing Mr. Monzon was paid for 11 hours worked during the pay period April 17-23, 2021. Plaintiff's counsel at this late stage has realized that this document is fatal to his case and now attempts to rewrite history by alleging events transpired on April 20, 2021 while still maintaining in this pleading that he was fired on April 13, 2021. In fact, at 4:21 PM January 19,

---

[2] Plaintiff objects to Defendant's Statement of the Case because it appears to be more of an argument about alleged facts rather than a statement of the case.

2021, Plaintiff's counsel transmitted an updated draft of this document which changed the last sentence from "instead, Mr. Monzon was never called back to work, was" to "Instead, Mr. Monzon's supervisor called him while he was at the hospital with his sick father, and told that he waws being fired for missing too many days from work." This is no small matter and this Honorable Court should not permit Plaintiff's Counsel to use this pleading to in effect amend his prior pleadings when he discovers the evidence negates the central claim in his case. The Defense has maintained that what the Plaintiff alleged did not occur and the evidence of the paystub is dispositive on the question of whether the Plaintiff was terminated on either April 12, 13 or 14, 2021 and prevented from working thereafter; clearly he was not. The Defense has also raised eleven affirmative defenses alleging it complied with the FMLA, the Plaintiff failed to provide "proper notice", the Plaintiff was not terminated, that the Plaintiff severed communications with the Defendant and that the Plaintiff failed to mitigate his damages. In addition, Plaintiff counsel's attempt to rewrite history is an admission that the central thesis of their case is demonstrably false and that the Defense must prevail.  Thus, there is no longer a question of fact to present to the jury on whether the Plaintiff was terminated on either April 12, 13 or 14, 2021 and this Court should enter Summary Judgment in favor of the Defendant.

## II.     BASIS OF FEDERAL JURISDICTION

The parties agree that this Court has jurisdiction over the Plaintiff's federal question claims (FMLA interference) pursuant to 28 U.S.C. §§ 1331.

## III.    PLEADINGS RAISING THE ISSUES

   1.    Plaintiff's Second Amended Complaint, [ECF No. 18].

    2.    Defendant's Answer and Affirmative Defenses to Second Amended Complaint [ECF No. 29].

## IV. PENDING MOTIONS AND OTHER MATTERS

1. Whether Downrite can introduce any evidence relating to Plaintiff's April 22, 2021 arrest for cocaine possession, which date is after Plaintiff's employment ended, and for which adjudication was withheld by the State of Florida.

2. Whether Downrite can introduce evidence of Plaintiff's September 2021Application for Indigent Status (for a public defender), which relates to Plaintiff's arrest for cocaine possession.

3. Whether Downrite can introduce evidence that was not timely produced.

4. Whether William Ochoa should be allowed to testify where he has a pending lawsuit in Miami-Dade County Circuit Court against Downrite alleging violation Fla. Stat. 448.101 et. Seq., (Florida Whistle-Blower Act) Case No.2021-018214-CA-01; where Mr. Ochoa was terminated February 24, 2021, 47 days prior to the events complained of by Mr. Monzon and Mr. Monzon testified under oath that he has not spoken with Mr. Ochoa about this case and Mr. Ochoa has no knowledge as to the facts alleged in this case; and where impeachment of Mr. Ochoa's motives will require the introduction evidence from that pending matter.

5. Whether Plaintiff's admission that he worked beyond April 17, 2021 negates his claim that he was terminated April 12, 13 or 14 and thus there is no longer a triable issue as the Defense has proven that the central claim in the complaint is false and thus Summary Judgment should be entered in favor of Defendant.

V. **CONCISE STATEMENT OF STIPULATED FACTS**

1. Downrite Engineering is a site development company that prepares land for construction of commercial and residential buildings.
2. Sam Lobue owns and operates Downrite.
3. Mr. Monzon worked for Downrite off and on since 2000.
4. Mr. Monzon worked as a heavy machine operator on various construction sites.
5. Mr. Monzon worked for Downrite for at least 12 months before his separation from employment with Downrite.
6. Mr. Monzon worked for Downrite for at least 1,250 hours during the 12-month period before his separation from employment with Downrite.
7. Mr. Monzon had various supervisors depending on which job site he was working.
8. James McClellan and Richard Matanis supervised Mr. Monzon at various times during his employment with Downrite.
9. Mr. Monzon never received any negative performance reviews during the whole time he worked for Downrite.
10. Sometime in 2020, Mr. Monzon informed Downrite supervisor James McClellan that he would need to occasionally take time off from work to care for a sick family member.
11. Mr. McClellan granted each request where Mr. Monzon provided advance notice which was sometimes the morning before work started.
12. Downrite provides a Safety and Employee Policy Manual to its employees at the time they are hired.
13. The Safety and Employee Policy Manual advises employees that they must comply with any applicable requirements under the Family Medical Leave Act (FMLA) and all guidelines for obtaining FMLA leave by Downrite.

## VI. ISSUES OF FACT REMAINING TO BE LITIGATED

1. Whether Mr. Monzon was terminated by Downrite during the week of April 12 or the week of April 19, 2021.[3]

2. Whether Mr. Monzon gave proper notice of his need for FMLA leave.

3. Whether Downrite failed to notify Mr. Monzon of his FMLA eligibility.

4. Whether Mr. Monzon suffered any damages, and, if so, the amount of the damages.

## VII. STIPULATED ISSUES OF LAW

1. Downrite was Mr. Monzon's employer for purposes of the FMLA.

2. Mr. Monzon was eligible for coverage under the FMLA.

## VIII. ISSUES OF LAW FOR DETERMINATION BY THE COURT [4]

1. Whether Downrite can introduce any evidence relating to Plaintiff's April 22, 2021 arrest for cocaine possession, which date is after Plaintiff's employment ended, and for which adjudication was withheld by the State of Florida.

2. Whether Downrite can introduce evidence of Plaintiff's September 2021Application for Indigent Status (for a public defender), which relates to Plaintiff's arrest for cocaine possession.

3. Whether Downrite can introduce evidence that was not timely produced.

4. Whether Downrite can avoid the post-trial imposition of liquidated damages as determined by the Court.

---

[3] Plaintiff and Defendant have not been able to resolve their disagreement about whether this is a disputed fact or an issue that cannot be presented at trial based on the argument in Defendant's Statement of the Case.

[4] In this and most employment discrimination cases the issues of fact and law frequently overlap.

5. If Plaintiff prevails at trial, entitlement to and amount of attorneys' fees and costs to be awarded to Plaintiff and against Defendant.

6. If Defendant prevails at trial, entitlement to and amount of attorneys' fees and costs to be awarded to Defendant and against Plaintiff (and/or her counsel pursuant to Rule 11).

7. Whether evidence, or argument, about the award of attorney's fees and costs to a prevailing FMLA Plaintiff is relevant in the trial.

8. Whether evidence, or argument, about the imposition/award of liquidated damages to a prevailing FMLA Plaintiff is relevant in the trial.

## IX. TRIAL EXHIBITS

1. Plaintiff's list of trial exhibits are attached as **Exhibit A**.
2. Defendant's list of trial exhibits are attached as **Exhibit B**.

## X. TRIAL WITNESSES

1. Plaintiff's list of trial witnesses are attached as **Exhibit C**.
2. Defendant's list of trial witnesses are attached as **Exhibit D**.

## XI. ESTIMATED TRIAL TIME

The parties estimate the total length of trial to be 3-5 days.

## XII. ESTIMATE OF ATTORNEY'S FEES AND EXPENSES.

To date, Mr. Monzon's law firm (Toussaint Cummings, Esq., Brian Pollock, Esq., and various paralegals and assistants) has incurred approximately $38,000.00 in fees and costs.

Plaintiff's counsel expects to put at least another $20,000.00 worth of time in trial preparation and expenses into this case, for a maximum estimate of $58,000.00.

To date, Downrite's counsel has incurred approximately $ 42,000.00 in fees and costs and expects to put in another $25,000.00 worth of time in trial preparation and expenses into this case, for a maximum estimate of $67,000.00

Respectfully submitted January 20, 2022,

| | |
|---|---|
| /s/Toussaint Cummings, Esq. | /s/Diego-Paolo de Pani, Esq. |
| Toussaint Cummings, Esq. (119877) | Diego-Paolo de Pani, Esq. (367280) |
| toussaint@fairlawattorney.com | pdepani@downrite.com |
| FAIRLAW FIRM | General Counsel |
| 135 San Lorenzo Ave. | Attorney For Defendant |
| Suite 770 | Downrite Engineering Corp. |
| Coral Gables, FL 33146 | 14241 SW 143 Ct. |
| Tel:    305.230.4884 | Miami, FL 33186 |
| *Counsel for Plaintiff* | Tel:    305.232.2340 |