## DOWNRITE'S RESPONSES TO FIRST INTERROGATORIES TO DEFENDANT

1) Please identify each person answering or assisting in answering these interrogatories, and his/her relationship to Defendant, as well as his/her full name, date of birth, social security number, and current residential address.

   **ANSWER: Jennifer Taksier, Human Resources Manager**
   **With the assistance of Counsel for Defendant**

2) Please identify by name, address and telephone number, any person who has or may have knowledge of any relevant facts or discoverable matter relating to the subject of this lawsuit, including the claims and defenses asserted, and state the substance of the knowledge that you believe or have reason to believe each of these persons may have.

   **ANSWER: Responsive information was provided in the initial disclosures**

3) On a day-to-day basis, identify all persons with managerial and/or supervisory roles over Plaintiff, and provide the last known address for each person if not currently employed by Defendant.

   **ANSWER: Responsive information was provided in the initial disclosures**

4) State whether Plaintiff received any performance evaluations during his entire tenure working for you. If so, list the dates of the performance evaluations, who conducted the evaluations, the substance of the evaluations, and whether the evaluations resulted in any positive or negative consequences for the Plaintiff.

   **ANSWER: Responsive information was provided in the production of the Plaintiff's employee file.**

5) Identify all employees who took time off from work pursuant to the Family and Medical Leave Act ("FMLA") within the 10 years prior to Plaintiff's termination. For all such employees, list the reasons each took time off from work pursuant to the FMLA, whether they were paid while off from work, whether they completed any paperwork prior to taking FMLA leave, and whether they returned to work after the leave. If they did not return to work, or if they did not complete paperwork prior to taking FMLA leave, then explain why not, if known.

   **ANSWER: Objection. Overbroad and not reasonably limited in time. Notwithstanding this objection, Defendant does not maintain records in the ordinary course of business which would enable it to respond to this request.**

6) State what procedures employees of Defendant are required to follow to obtain FMLA benefits. Also, state how your employees are made aware of these procedures.

**ANSWER: The Safety & Employee Policy Manual provided to Plaintiff at time of hire states "In order for any absence or tardiness to be excused, the employee is required to notify the main office as soon as possible. Notification after a full day's absence is not excused. Absence of two or more days without notifying the Company implies the employee has quit." It further states "all employees must comply with any applicable requirements under FMLA and all guidelines for obtaining FMLA leave by the Company including but not limited to notice and certification by your doctor."**

7) Identify your reason(s) for terminating Plaintiff's employment and the date on which you terminated his employment.

**ANSWER: Objection to the form of the question. Lacks foundation, is argumentative and improperly assumes as true a disputed question of fact. The question presupposes that Plaintiff was terminated by Defendant which Defendant denies in its Answer and Defenses.**

8) Please identify each type of document that you made, kept, or preserved relating to the employment, hiring, work terms, payments to, earnings by, deductions from, insurance, or benefits to/of/for Plaintiff.

**ANSWER: Responsive information was provided in the production of the Plaintiff's employee file and payroll information.**

9) Identify all wages, bonuses, fringe benefits or any other forms of compensation Defendant paid to the Plaintiff from January 1, 2016 through the date the Plaintiff's employment with Defendant ended.

**ANSWER: Responsive information was provided in the production of the Plaintiff's payroll information as more specifically requested by counsel for the three year period beginning October 2018.**

10) Describe all communications you had with Plaintiff and/or Richard Molina relating to Plaintiff's requests for time off in March and April 2021.

**ANSWER: Richard Molina is unknown to Defendant. Defendant is unaware of any communications with Plaintiff.**

11) When did Plaintiff first inform any employee of the Defendant that Plaintiff's father was sick and needed dialysis? What steps did Defendant take in response to learning about the medical needs of Plaintiff's sick father?

**ANSWER: Objection to the form of the question. Lacks foundation, is argumentative and improperly assumes as true a disputed question of fact. The question presupposes that Plaintiff informed Defendant that Plaintiff's father was sick and needed dialysis which Defendant denies in its Answer and Defenses. Defendant has no knowledge as to what Plaintiff may have told other employees.**

12) When did Defendant inform its Human Resources Department that Plaintiff's father was sick and that Plaintiff was requesting FMLA leave because he needed to tend to his sick father?

    **ANSWER: Objection to the form of the question. Lacks foundation, is argumentative and improperly assumes as true a disputed question of fact. The question presupposes that Plaintiff informed Defendant that Plaintiff's father was sick and needed dialysis which Defendant denies in its Answer and Defenses. Defendant further denies that Plaintiff complied with the notice requirements for FMLA leave.**

13) Explain why Plaintiff's request for FMLA leave to care for his sick father was denied.

    **ANSWER: Objection to the form of the question. Lacks foundation, is argumentative and improperly assumes as true a disputed question of fact. The question presupposes that Plaintiff informed Defendant that Plaintiff's father was sick and needed dialysis which Defendant denies in its Answer and Defenses. Defendant further denies that Plaintiff complied with the notice requirements for FMLA leave.**

14) List the names of any of Defendant's employees that are related to Plaintiff though blood or marriage.

    **ANSWER: Objection. Overbroad and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding this objection, Defendant does not maintain records in the ordinary course of business which would enable it to respond to this request.**

15) Please list any lawsuits, prosecutions, or administrative agency proceedings in which you have been a party or in which you have testified during the last five years involving unpaid/underpaid wages, providing the style, cause number and court or agency in which each action was pending, and briefly describing the nature and outcome of each proceeding.

    **ANSWER: Objection. Overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Defendant engages in litigation in the ordinary course of business as either a plaintiff or defendant in various types of matters related to its business activities. These matters are a public record.**

16) Please identify each person who you expect to provide expert testimony in any deposition in this case or at trial and state the subject matter on which each such person may give expert testimony.

   **ANSWER: Undetermined at this time. Defendant reserves the right to identify experts at a later date in accordance with the Court's deadlines.**

17) Please identify the factual basis for each of your Affirmative Defenses.

   **ANSWER: The factual basis for each Affirmative Defense is stated in Defendant's Answer and Affirmative Defenses to Second Amended Complaint.**

18) Please identify the number of people who worked for Defendant, whether as an independent contractor or as an employee, during the three year prior to the filing of the initial Complaint in this case, and state each person's name, position/title, status (independent contractor or employee) and dates of work:

   **ANSWER: Objection. Overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Defendant does not maintain records in the ordinary course of business which would enable it to respond to this request.**

19) Please identify all administrative regulations, orders, rulings, and interpretations, administrative practices, and enforcement policies of United States agencies on which you relied in your decision to not provide Plaintiff with FMLA leave, the date on which you consulted same, and where you located each material.

   **ANSWER: Objection to the form of the question. Lacks foundation, is argumentative and improperly assumes as true a disputed question of fact. The question presupposes that Plaintiff was denied FMLA leave by Defendant which Defendant denies in its Answer and Defenses.**

20) If you claim that you relied on the advice of counsel or anyone else in failing to provide the FMLA leave requested by Plaintiff, then please state each person consulted, the contact information for each person consulted (name, business name, current address, and email address), when each such person was consulted, the substance of all communications relating to each consultation, all advice provided to you, and if that advice was in writing, the present custodian of that written advice.

   **ANSWER: Objection to the form of the question. Lacks foundation, is argumentative and improperly assumes as true a disputed question of fact. The question presupposes that Plaintiff was denied FMLA leave by Defendant which Defendant denies in its Answer and Defenses. The question improperly seeks information protected by the attorney/client or work product privilege.**

21) If any documents relevant to any aspect of or issues in this lawsuit have been lost, misplaced, or destroyed, please identify fully each said document and describe how it was lost, misplaced, or destroyed.

**ANSWER: Defendant has not claimed and has no knowledge at this time that any relevant document has been lost, misplaced or destroyed.**

22) Identify all facts, proof or evidence concerning the reasons that Plaintiff's employment with you ended.

**ANSWER: See Defendant's Sixth Affirmative Defense. Plaintiff failed to return to work and severed communication with his supervisor and Defendant.**

DOWNRITE ENGINEERING CORP

BY: _____
Jennifer Taksier
Human Resources Manager

STATE OF FLORIDA

: SS.

COUNTY OF MIAMI-DADE:

Before me, the undersigned authority personally appeared Jennifer Taksier who is personally known to me, and who, after being duly sworn according to law, deposes and says that she executed the foregoing Answers to Interrogatories and that they are true and correct to the best of her knowledge and belief.

SWORN TO AND SUBSCRIBIED before me this 14th day of February, 2022.

_____
NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:



DAYSI C. BENITEZ
Notary Public - State of Florida
Commission # GG 339159
My Comm. Expires Jul 1, 2023
Bonded through National Notary Assn.