UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:21-CV-23556-BLOOM/OTAZO-REYES

ORLANDO N. MONZON CEJAS,

    Plaintiff,

vs.

DOWNRITE ENGINEERING CORP.,

    Defendant.
_____/

### DEFENDANT DOWNRITE ENGINEERING CORP'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant, DOWNRITE ENGINEERING CORP. ("Defendant"), by and through its undersigned counsel, hereby files its Responses to Plaintiff, ORLANDO N. MONZON CEJAS' ("Plaintiff") Request for Production, and states as follows:

### DOWNRITE'S RESPONSES TO REQUESTS FOR PRODUCTION

1. All policies of insurance, verified declarations pages and indemnity agreements for each and every type of primary, secondary and excess insurance, liability insurance, or indemnity coverage for Defendant and its officers, directors, employees, and agents while working within the course and scope of their employment with Defendant which may provide benefits and/or coverage for the allegations, issues, and claims involved in this lawsuit. **RESPONSE: None**

2. The entire personnel file you maintained for Plaintiff. **RESPONSE: Defendant will produce documents responsive to this request. Defendant has previously produced this file.**

3. All documents, including internal memoranda, which evidence, refer to, or relate to the quality of Plaintiff's job performance during his entire tenure with you. **RESPONSE: Defendant will produce documents responsive to this request. Documents responsive to this request may be located in the Plaintiff's employment file.**

4. All documents supporting Defendant's Affirmative Defenses asserted (or to be asserted) in this action. **RESPONSE: Defendant will produce documents responsive to this request in accordance with the Court's discovery order.**

5. All minutes, interoffice correspondence, digital recordings, or other documents related in any way to any discussion to discipline, put on probation, or terminate Plaintiff. This request includes a request for any documents memorializing or concerning any and all meetings where any such

      decisions were discussed or considered. **RESPONSE: Defendant does not have possession, custody or control of any documents responsive to this request.**

6. All documents sent to and/or filed with the State of Florida identifying the number of employees of Defendant from 2020 to the date that Plaintiff was terminated. **Objection; This request is overbroad and is not reasonably calculated to lead to the discovery of relevant admissible evidence. The number of employees is not a contested issue in this litigation.**

7. All documents sent to and/or filed with the IRS identifying the number of employees of Defendant from 2020 to the date that Plaintiff was terminated. **Objection; This request is overbroad and is not reasonably calculated to lead to the discovery of relevant admissible evidence. The number of employees is not a contested issue in this litigation.**

8. All written job descriptions for Plaintiff during his employment with you. **RESPONSE: Defendant will produce documents responsive to this request. Documents responsive to this request may be located in the Plaintiff's employment file.**

9. All documents identifying all changed and/or increased job responsibilities for Plaintiff during his employment with you. **RESPONSE: Defendant will produce documents responsive to this request. Documents responsive to this request may be located in the Plaintiff's employment file.**

10. Any employee manual and/or handbook and/or documents provided to employees at the time Plaintiff began working for you. Also, provide any/all written (electronic) updates to such materials that Plaintiff was made aware of while still employed. **RESPONSE: Defendant will produce documents responsive to this request.**

11. Any documents explaining Defendant's FMLA policies provided to employees while Plaintiff was employed. **RESPONSE: Defendant will produce documents responsive to this request.**

12. Any documents explaining Defendant's sick leave and vacation leave policies provided to employees while Plaintiff was employed. **RESPONSE: Defendant will produce documents responsive to this request.**

13. Any documents explaining Defendant's FMLA policies that were provided to employees while Plaintiff was employed. **RESPONSE: Defendant will produce documents responsive to this request.**

14. If you claim Plaintiff received your employee handbook, please produce all acknowledgments, receipts, memos, or other similar documents indicating that Plaintiff received a copy of what you allege is your employee handbook. **RESPONSE: Defendant will produce documents responsive to this request. Documents responsive to this request may be located in the Plaintiff's employment file.**

15. Any documents recording Plaintiff's receipt of the employee handbook/manual and other materials requested in Requests for Production numbers 10-13 above. **RESPONSE: Defendant will produce documents responsive to this request. Documents responsive to this request may be located in the Plaintiff's employment file.**

16. Any documents or forms Defendant provide to Plaintiff in response this request(s) for time off in 2021. **RESPONSE: Defendant does not have possession, custody or control of any documents**

      **responsive to this request.**

17. All documents and communications pursuant to which Plaintiff requested time off from work with you during the past five (5) years. **RESPONSE: Defendant does not have possession, custody or control of any documents responsive to this request.**

18. All text messages exchanged between/among Defendant's employees relating to Plaintiff's requests for time off in 2021. **RESPONSE: Defendant does not have possession, custody or control of any documents responsive to this request.**

19. Documents identifying all persons who requested FMLA leave from Defendant during the past five (5) years. **RESPONSE: Defendant does not have possession, custody or control of any documents responsive to this request.**

20. Documents identifying all persons who received FMLA leave from Defendant during the past five (5) years (with reasons for leave redacted). **RESPONSE: Defendant does not have possession, custody or control of any documents responsive to this request.**

21. All documents identifying the wages that you paid to Plaintiff in 2020. **RESPONSE: Defendant will produce documents responsive to this request.**

22. All documents identifying the hours that Plaintiff worked each week for you in 2020. **RESPONSE: Defendant will produce documents responsive to this request.**

23. All documents identifying the wages that you paid to Plaintiff in 2021. **RESPONSE: Defendant will produce documents responsive to this request.**

24. All documents identifying the hours that Plaintiff worked each week for you in 2021. **RESPONSE: Defendant will produce documents responsive to this request.**

25. Documents identifying all persons with a supervisory role over Plaintiff in 2021. **RESPONSE: Defendant will produce documents responsive to this request. Documents responsive to this request may be located in the Plaintiff's employment file.**

26. Documents identifying all employment-related benefits provided/offered to Defendant in 2021. **RESPONSE: Defendant will produce documents responsive to this request. Documents responsive to this request may be located in the Plaintiff's employment file.**

27. All documents and materials on which you intend to rely to avoid the imposition of liquidated damages. **Objection: This request calls for a legal conclusion and is predicated on the assumption that Plaintiff has prevailed in this litigation. The request is improper as it does not seek specifically identifiable documents or a class of documents which are ordinarily maintained by Defendant. Notwithstanding this objection, any and all documents produced or to be produced by Defendant may be relied upon to establish that Defendant is the prevailing party in this litigation.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via email to all counsel of record this 28th day of February 2022.

Respectfully Submitted,

**DIEGO-PAOLO DE PANI, ESQ**
General Counsel
*Attorney for Defendant*
*Downrite Engineering Corp.*
14241 SW 143rd Ct.
Miami, Fl. 33186
Phone: 305-232-2340
pdepani@downrite.com

By: ____/s/ Diego-Paolo De Pani, Esq.__
       DIEGO-PAOLO DE PANI, ESQ.
        Florida Bar No. 367280