UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:21-CV-23556-BLOOM/OTAZO-REYES

ORLANDO N. MONZON CEJAS,

    Plaintiff,

vs.

DOWNRITE ENGINEERING CORP.,

    Defendant.
_____/

**DEFENDANT DOWNRITE ENGINEERING CORP'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

Defendant, DOWNRITE ENGINEERING CORP. ("Defendant"), by and through its undersigned counsel, hereby files its Responses to Plaintiff, ORLANDO N. MONZON CEJAS' ("Plaintiff") Second Request for Production, and states as follows:

**DOWNRITE'S RESPONSES TO SECOND REQUESTS FOR PRODUCTION**

1. All documentation Defendant stated it would produce, but has not yet produced, in response to Plaintiff's First Request for Production.

    a. RFP #4 – documents supporting Defendant's Affirmative Defenses
    **RESPONSE: All documents produced by either party in this litigation and the transcripts of any deposition taken in this litigation (whenever ordered) should be presumed to be responsive to this request.**

    b. RFP #8 – written descriptions of Plaintiff's job duties
    **RESPONSE: Defendant has produced Plaintiff's employment file which may contain information responsive to this request. Defendant has no additional documents responsive to this request.**

    c. RFP #14 & 15 – documents confirming Plaintiff received the employee handbook.
    **RESPONSE: Defendant has produced Plaintiff's employment file which may contain information responsive to this request. Defendant has no additional documents responsive to this request.**

2. Any documentation Defendant intends to use to establish that it did not willfully violate Plaintiff's FMLA rights.
    **RESPONSE: Objection. Argumentative. Defendant denies that Plaintiff's FMLA**

      **rights were violated at all. This request is not a properly framed request for documents in the possession of Defendant.**

3. The drug-free policy statement provided to job applicants and employees prior to conducting any drug testing.
   **RESPONSE: Defendant has produced Plaintiff's employment file which may contain information responsive to this request.** *See* **DRE 0036-0041.**

4. All of Plaintiff's drug-test results pursuant to the drug-free workplace testing policy conducted by Defendant. (Plaintiff will provide a written consent form pursuant to F.S. 440.102(8)(b), if such records exist.
   **RESPONSE: Defendant has not located any information responsive to this request.**

5. Any written warnings or disciplinary documentation concerning Plaintiff's violation of Defendant's drug-free workplace policy.
   **RESPONSE: Defendant has not located any information responsive to this request.**

6. Any written warnings or disciplinary documentation concerning any employee's violation of Defendant's drug-free workplace policy.
   **RESPONSE: Objection. Overbroad and not limited in time and scope. This request is not reasonably calculated to lead to admissible evidence as to an issue in this litigation. Notwithstanding these objections, Defendant in the ordinary course of business does not maintain records which would enable it to formulate a response to this request.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via email to all counsel of record this 14th day of September 2022.

Respectfully Submitted,

**DIEGO-PAOLO DE PANI, ESQ**
General Counsel
*Attorney for Defendant*
*Downrite Engineering Corp.*
14241 SW 143rd Ct.
Miami, Fl. 33186
Phone: 305-232-2340
pdepani@downrite.com

By:     /s/ Diego-Paolo De Pani, Esq.
       DIEGO-PAOLO DE PANI, ESQ.
       Florida Bar No. 367280