UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23556-BLOOM/OTAZO-REYES

ORLANDO N. MONZON CEJAS,

    Plaintiff,

vs.

DOWNRITE ENGINGEERING CORP.,

    Defendant.
_____/

## AUTHORITY FOR AFFIRMATIVE DEFENSES ON VERDICT FORM

5.    That Downrite has established its First Affirmative Defense that the Plaintiff failed to state a cause of action under the FMLA?
*See White v Beltram Edge Tool, 789 F.3d 1188 (11th Cir. 2015) "…she can state an interference claim only if she gave proper notice." Citing Hurley v Kent of Naples Inc., 746 F.3d 1161, 1167 (11th Cir. 2014)*

6.    That Downrite has established its Second Affirmative Defense that the Defendant was at all times material hereto in compliance with all requirements of the FMLA?
*See 29 CFR 825.300*

7.    That Downrite has established its Third Affirmative Defense that Defendant complied with the notice requirements of 29 CFR 825.300 by posting the required notice in its principal place of business and including it in its Safety and Employee Policy Manual?
*See 29 CFR 825.300(a)(1),(3)*

8.    That Downrite has established its Fourth Affirmative Defense that its compliance with the notice requirements of 29 CFR 825.300 and inclusion of the notice in its Safety and Employee Policy Manual is deemed to constitute

actual notice by the Plaintiff of the FMLA notice requirements of 29 CFR 825.302 and 825.303, which require the Plaintiff to provide Downrite "at least verbal notice sufficient to make Downrite aware that Plaintiff need(ed) FMLA-qualifying leave and the anticipated timing and duration of the leave at least 30 days in advance or as soon as practicable depending on the facts and circumstances?

*See 29 CFR 825.304 (a) "Actual Notice" is satisfied by the employer's proper posting of the required notice at the worksite and provision of the required notice in an employee handbook.*

9.  That Downrite has established its Fifth Affirmative Defense that the Plaintiff did not comply with the notice requirements of 29 CFR 825.302 and 825.303 and Downrite's FMLA policy on or about April 12, 2021 and thus did not establish entitlement to FMLA-protected leave?

*See White v Beltram Edge Tool, 789 F.3d 1188 (11th Cir. 2015) "…she can state an interference claim only if she gave proper notice." Citing Hurley v Kent of Naples Inc., 746 F.3d 1161, 1167 (11th Cir. 2014)*

10. That Downrite has established its Sixth Affirmative Defense that Plaintiff 's conduct in days subsequent to his final day of work, where he severed all communication with his supervisor and the company, manifested an unequivocal notice of intent not to return to work and thus Downrite's obligations under the FMLA ceased?

*See 29 CFR 825.311(b) "If an employee gives unequivocal notice of intent not to return to work, the employer's obligations under FMLA…cease."*

11. That Downrite has established its Seventh Affirmative Defense that the Downrite did not take any action against Plaintiff which would constitute "termination"?

12. That Downrite has established its Eighth Affirmative Defense that the Plaintiff requested and was granted unpaid leave on a number of occasions

starting as early as November 2020 where he provided his supervisor advance notice and no such request was ever denied?
*See Graham v. State Farm Mutual, 193 F.3d 1274 (11th Cir. 1999) "…a plaintiff suffers no FMLA injury when she receives all the leave she requests…"*

13.  That Downrite has established its Ninth Affirmative Defense that Downrite has not taken any action against Plaintiff which may have harmed his reputation or caused him to suffer mental anguish or emotional distress.
*See standard jury instructions*

14.  That Downrite has established its Tenth Affirmative Defense that the Plaintiff failed to mitigate his damages by failing to contact his supervisor or the human resources department to provide "at least verbal notice sufficient to make Downrite aware that Plaintiff need(ed) FMLA-qualifying leave and the anticipated timing and duration of the leave", and *subsequently* returning to work.
*See 29 CFR 825.302(c) "An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave."*

15.  That Downrite has established its Eleventh Affirmative Defense that any amounts Plaintiff earned or could have earned subsequent to April 12, 2021 should offset the Plaintiff's claim for damages.
*See standard jury instructions*

16.  That Downrite proved by a preponderance of the evidence that Mr. Monzon did not make reasonable efforts to obtain any work?
*See standard jury instructions*

17.  If you found that Downrite proved by a preponderance of the evidence that Mr. Monzon failed to mitigate damages, what amount do you determine Mr. Monzon could have realized had Mr. Monzon taken advantage of an opportunity for substantially equivalent employment?

$_____

18. Do you find that Mr. Monzon should be awarded any damages?

        Answer Yes or No    _____

If your answer is "Yes," then in what amount after subtracting any amount you found in your answer to question #17 ?

$_____

SO SAY WE ALL.

        _____
        Foreperson's Signature

DATE: _____