UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23556-BLOOM/OTAZO-REYES

ORLANDO N. MONZON CEJAS,

    Plaintiff,

vs.

DOWNRITE ENGINGEERING CORP.,

    Defendant.

_____/

# JURY INSTRUCTIONS

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

## Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

1. Downrite Engineering is a site development company that prepares land for construction of commercial and residential building.

2. Sam Lobue owns and operates Downrite.

3. Mr. Monzon has worked for Downrite off and on since 2000.

4. Mr. Monzon worked as a heavy machine operator on various construction sites.

5. Mr. Monzon worked for Downrite for at least 12 months before April 15, 2021.

6. Mr. Monzon worked for Downrite for at least 1,250 hours during the 12-month period before April 15, 2001.

7. Mr. Monzon had various supervisors depending on which job site he was working.

8. James McClellan and Richard Matanis supervised Mr. Monzon at various times during his employment with Downrite.

9. Mr. Monzon never received any negative performance reviews during the whole time he worked for Downrite.

10. Sometime in 2020, Mr. Monzon informed Downrite supervisor James Mclellan that he would need to occasionally take time off from work to care for a sick family member.

11. Mr. McClellan granted each request where Mr. Monzon provided advance notice which was sometimes the morning before work started.

12. Downrite provides a Safety and Employee Policy Manual to its employees at the time they are hired.

13. The Safety and Employee Policy Manual advises employees that they must comply with any applicable requirements under the Family Medical Leave Act (FMLA) and all guidelines for obtaining FMLA leave by Downrite.

**The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in

general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence

that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence

In this case it is the responsibility of the Mr. Monzon to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Mr. Monzon.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for Downrite as to that claim.

### Responsibility for Proof – Affirmative Defenses
### Preponderance of the Evidence

Even if Mr. Monzon proves his claims by a preponderance of the evidence, Downrite can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that Downrite does not have to disprove Mr. Monzon's claims, but if Downrite raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

### Family and Medical Leave Act – Interference Claims –
### 29 U.S.C. §§ 2601-2654

Mr. Monzon claims that he was entitled to a leave of absence from work under a federal law called the Family and Medical Leave Act (FMLA). He

asserts in Count 1 that Downrite interfered with his FMLA rights by failing to notify him of his right to take FMLA leave and failed to provide him with any paperwork in connection with his FMLA rights; he asserts in Count II that Downrite interfered with his FMLA rights by terminating his employment.

Under the FMLA, an eligible employee may take up to 12 weeks of leave during any 12-month period for the care of a parent who has a serious health condition. This leave is called FMLA leave.

The FMLA also gives the employee, after his leave, the right to be restored by the employer to the position held when the leave began, or to be given an equivalent position. It is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise any of these rights.

To succeed on his claim against Downrite, Mr. Monzon must prove each of the following facts by a preponderance of the evidence:

**First:** Mr. Monzon was eligible for FMLA leave;

**Second:** Mr. Monzon was entitled to FMLA leave;

**Third:** Mr. Monzon gave Downrite proper notice of his need for leave; and

**Fourth:** Downrite did not notify Mr. Monzon of his FMLA eligibility.

For the first element, Mr. Monzon was "eligible" for FMLA leave if:

(a) Mr. Monzon worked for Downrite for at least 12 months before the date any FMLA leave was to begin, and

 (b) Mr. Monzon worked for Downrite for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

**The parties have stipulated that Downrite was Mr. Monzon's employer for purposes of the FMLA and that Mr. Monzon was eligible for coverage under the FMLA.**

**Therefore, Mr. Monzon does not need to prove the first element.**

 For the **second** element, Mr. Monzon was "entitled" to FMLA leave if he had an FMLA-qualifying reason. The care of a parent who has a serious health condition is a "FMLA-qualifying reason."

 A "serious health condition" is an illness, injury, impairment, or physical or mental condition that involves either inpatient care in a hospital, hospice, or residential medical facility, or continuing treatment by a healthcare provider. Ordinarily, unless complications arise, the common cold, the flu, earaches, upset stomach, minor ulcers, headaches other than migraine, routine dental or orthodontia problems, periodontal disease, and other similar conditions do not meet the definition of a "serious health condition" and do not qualify for FMLA leave.

 For the **third** element, Mr. Monzon "gave proper notice" to Downrite of his need for FMLA leave if he notified Downrite of the need to take FMLA leave in a timely manner and in a way that alerted Downrite that his absence

9

might qualify as FMLA leave – even if Mr. Monzon did not expressly mention the FMLA.

If Mr. Monzon knew of the need for leave more than 30 days before the leave was to begin, he was required to give Downrite notice at least 30 days before the leave was to begin. If Mr. Monzon knew of the need for leave less than 30 days before the leave was to begin, he was required to give Downrite notice as soon as was reasonably possible.

### FMLA Interference – Third Element: Employee's Verbal Notice is Sufficient

An employee must provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave.

### FMLA Interference – Third Element: Foreseeability

You were previously instructed that an employee must provide at least 30 days advance notice before FMLA leave is to begin if the need for leave is foreseeable. However, the employee does not have to provide 30 days advance notice if it is not practicable to do so. For example, if the employee does not know when leave will be required to begin or there is a medical emergency.

The employee must provide notice as soon as practicable, meaning as soon as both possible and practical taking into account all of the facts and circumstances.

10

An employee only has to give notice one time regardless of whether the leave is to be taken on a continuous basis, an intermittent basis, or on a reduced schedule basis.

An employee's right to intermittent leave to care for a family member with a serious health condition applies not only when the family member has an intermittent need, but also where the employee is only needed intermittently – such as where other care is normally available or where care responsibilities are shared with another member of the family or a third party.

For the **fourth** element, you must determine whether Downrite failed to notify Mr. Monzon of his FMLA eligibility.

**FMLA Interference – Fourth Element: Failure to Notify Employee of FMLA Eligibility**

Once an employee requests FMLA leave or provides information sufficient to alert an employer that the leave could be "for an FMLA-qualifying reason," the employer must notify the employee of the employee's eligibility to take FMLA leave within five (5) business days. Failure to notify the employee constitutes interference with the employee's FMLA rights if the employee shows he/she was harmed by the employer's failure to notify. An employee can show this harm if he/she was terminated rather than being provided FMLA leave.

Mr. Monzon is suing Downrite for interfering with his FMLA rights by failing to notify him of his eligibility to take FMLA leave. Therefore, the fourth element of Mr. Monzon's FLMA interference claim is satisfied if he shows he was harmed by Downrite's failure to notify him of his FMLA eligibility.

If you find that Mr. Monzon has proved each element by a preponderance of the evidence, you must decide whether Downrite has established any of its affirmative defenses.

## FMLA Interference – Fourth Element: Failure to Provide Employee Written Notice Detailing Rights and Responsibilities

The employer must provide the written notice at the same time it provides notice of the employee's eligibility to take FMLA leave, which is within five (5) business days after the employees provides information sufficient to alert the employer the leave is needed for an "FMLA-qualifying reason."

The written notice must inform the employee of the following items:

- The leave may count against the employee's annual FMLA entitlement;

- The employee's requirement to provide certification of the FMLA – qualifying reason, and the consequences of failing to do so;

- The employee's right to take paid leave instead of FMLA leave.

Failure to provide written notice to the employee constitutes interference with the employee's FMLA rights if the employee shows he/she was harmed by the employer's failure to provide written notice. An employee can show this harm if he/she was terminated rather than being provided FMLA leave.

Mr. Monzon is suing Downrite for interfering with his FMLA rights by failing to provide him with written notice of his rights and responsibilities once he takes FMLA leave. Therefore, the fourth element of Mr. Monzon's FLMA interference claim is satisfied if he shows he was harmed by Downrite's failure to provide him with written notice of his rights and responsibilities.

### Responsibility for Proof – Affirmative Defense

In this case, Downrite asserts the affirmative defense that it did not take any action against Mr. Monzon which would constitute "termination."

I caution you that Downrite does not have to disprove Mr. Monzon's claims, but if Downrite raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

### Damages

If you find that Downrite established its affirmative defense, you will still consider the issue of Mr. Monzon's damages regarding Plaintiff's claim in Count 1 that Downrite interfered with his FMLA rights by failing to notify him

13

of his right to take FMLA leave and failed to provide him with any paperwork in connection with his FMLA rights

The measure of damages for Mr. Monzon is either lost wages and benefits or other expenses incurred because of Downrite's FMLA violation. Mr. Monzon can recover lost wages and benefits, or he can recover other expenses incurred because of Downrite's actions – but not both.

If Mr. Monzon proved that he lost wages or benefits because of Downrite's FMLA violation, then Mr. Monzon may recover net lost wages and benefits from the date of his termination, April 15, 2021, to the date of your verdict.

If you find that Mr. Monzon did not directly lose pay or benefits because of Downrite's FMLA violation, then you may award Mr. Monzon the actual monetary loss that directly resulted from Downrite's FMLA violation. This amount of damages cannot exceed 12 weeks of Mr. Monzon's wages or salary.

## Mitigation of Damages

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of Monzon's claim for lost pay, the duty to mitigate damages requires Mr. Monzon to be reasonably diligent in seeking substantially equivalent employment to the position he held with

Downrite. To prove that Mr. Monzon failed to mitigate damages, Downrite must prove by a preponderance of the evidence that: (1) work comparable to the position Mr. Monzon held with Downrite was available, and (2) Mr. Monzon did not make reasonably diligent efforts to obtain it. If, however, Downrite shows that Mr. Monzon did not make reasonable efforts to obtain any work, then Downrite does not have to prove that comparable work was available.

If you find that Downrite proved by a preponderance of the evidence that Mr. Monzon failed to mitigate damages, then you should reduce the amount of Mr. Monzon's damages by the amount that could have been reasonably realized if Mr. Monzon had taken advantage of an opportunity for substantially equivalent employment.

### FMLA Damages — Other Monetary Damages

The Family and Medical Leave Act provides that if an employee is unable to prove that the employer's violation of the Act caused the employee to lose any wages, benefits or other compensation, then that employee may recover other monetary losses sustained as a direct result of the employer's violation of the Act.

If you find that Downrite has violated Mr. Monzon's rights under the Act, and yet you also find that Mr. Monzon has not proved the loss of any wages, benefits or other compensation as a result of this violation, then you must

determine whether Mr. Monzon has suffered any other monetary losses as a direct result of the violation. Other monetary losses may include the cost of providing the care that gave rise to the need for a leave. Mr. Monzon has the burden of proving these monetary losses by a preponderance of the evidence.

Mr. Monzon's recovery for these other monetary damages can be no higher than the amount that he would have made in wages or salary for a twelve-week period during his employment. So you must limit your award for these other monetary damages, if any, to that amount. You must also remember that if Mr. Monzon has proved damages for lost wages, benefits or other compensation, then you must award those damages only and Mr. Monzon may not recover any amount for any other monetary damages suffered as a result of Downrite's failure to notify him of his FMLA eligibility.

Finally, the Family and Medical Leave Act does not allow Mr. Monzon to recover for any mental or emotional distress or pain and suffering that may have been caused by Downrite's violation of the Act. So I instruct you that you are not to award Mr. Monzon any damages for emotional distress or pain and suffering.

### Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Election of Foreperson Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.